FRANK A. WEISER (S.B. #89780)
Attorney at Law
3460 Wilshire Blvd., #903
Los Angeles, California 90010
(213) 384-6964 (voice)
(213) 383-7368 (fax)

Attorney for Plaintiff BEN KARMELICH
dba THE LINCOLN INN, All Other
Named Individual Plaintiffs
and all others similarly situated



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN KARMELICH dba THE LINCOLN INN; KELENI LAVANO; ROBERT RODRIGUEZ; THOMAS MURRAY; CAROLYN KELLY; LOIS RUNYON; BERNARD ROSS; VERONIQUE BARBIE; ANN BARBIE; MARLON MELLO; BEATRICE MELLO; TERESA LOWE; ROBERT SPIRKO; VENITA SPIRKO; JIM HAMRIC; JAMES KELLY; LINDA KELLY; LINDA FRENCHVAN; LESLIE FISHER; FRANK RAMIREZ; DENISE CARRINGTON; KENNETH TEMPLE; JENNIFER TEMPLE; SCOTT ALBERTSON; CARRIE SACHSE; PAUL TOWNSEND; DARYL JEFFERSON; MARVIN JEFFERSON; ANTHONY ESPINOZA; VENISE SANDOVAL; DAVID HALBERT; LESLIE BEYER; JOHN ORTIZ; STEPHANIE HELTMARTINEZ; BRYCE KOOPMAN JR.; JANET HAWKSLEY; RUBEN RODRIGUEZ; JENELL RODRIGUEZ; JACQUELINE ANAYA; ROBERT ARMSTRONG; JODI ARMSTRONG; MICHAEL BOONE; TAMI BOONE; HORACIO SANCHEZ; BLANCA MENDEZ; SHERRI NORALS; JUDY MARTINEZ; JOHN MARTINEZ; LAWRENCE DAVIS; IRIS WALKER; ROSIE GARCIA; JOSE GARCIA; ROBERT WATKINS; TAMMY THOMPSON; MARK SHIRLEY; BARBARA ELDRIGE; LUIS MARTINEZ-MUNOZ; EARL BOODIE; JERRIE HORNE; JAMES ANKTON; NILA JONES; ANTONIO SAUCEDA; ERNESTO SORIANO JR.; DIVINA SORIANO; DEBRA JACKSON; | Case No. SACV01-929<br><br>COMPLAINT FOR DAMAGES; DECLARATORY AND INJUNCTIVE RELIEF; STATE SUPPLEMENTAL CLAIMS<br>[Violation of Federal Civil Rights]<br><br><br><br><br><br><br><br><br><br><br>__DEMAND FOR JURY TRIAL__ |



ENTER ON ICMS

OCT 1 8 2001

```
10/09/01                    9:42:14 AM
LA  1-1 ENAKADA       Receipt # 049488
=====NO REFUND WITHOUT RECEIPT=====
CASE # SA01-929
    086900    Filing Fee  Civil
                          60.00
    510000    Special Fund F/F
                          90.00
==== T O T A L =====
                         150.00

      CHECK TENDERED $      $150.00

      CHECK 1067
=====NO REFUND WITHOUT RECEIPT=====
```

```
DWIGHT GEORGE; CATHY EDMONSON;      )
JOSE CARDENA; ROBERT TAYLOR;        )
MARIA DUARTE; JOHN VANMETER;        )
REBECA CARDONA; ERIC SWENINGSEN;    )
MICHAEL GALLAGHER; LARRY FIERRO;    )
BARBARA ELDRIGE; DANIELLE           )
ELDRIGE; THEODORE KEYSER;           )
SALVADOR ALCOSET; CORTNEY           )
MORRIS; SOLOME FUKOFUKA; ILENE      )
BAKER; RHONDA COMER; JAMES HOKE;    )
JACK SURRETE; CHRISTINE             )
DOUGHERTY; ELMORE MCBRIDE JR.;      )
RICHARD WILLIAMSON; EUNICE          )
WILLIAMSON; LEOVARDO DOMINGUEZ;     )
ANNE DOWNEN; MAT DOUGLAS;           )
CYNTHIA RODRIGUEZ; RICHARD          )
WILLIAMSON; EUNICE WILLIAMSON;      )
JAMES BOYD; CHRISTINE RODRIGUEZ;    )
GINO PANZA; GINA MEDIEROS;          )
KENNETH COMER; KARRIE ONEAL;        )
PHILIP STEVENSEN; LYNDON SCOTT;     )
CHRISTINA WATLACK; ADELA DE PINA;   )
JAMES DUFF; DIANE DUFF; JOHN        )
COLEMAN; GINA RAMIREZ; DAVID        )
THOMAS; TRACY THOMAS; KELVIN        )
TILSON; PHILEMON KWEMBE; HAMISI     )
MWINYL; BRADLEY MOOSCHEKIAN;        )
MELANIE ROBINSON; ROBERT CHASE;     )
BRIAN HENDERLY; CLIFFORD            )
ANDERSON; BILLY SMITH; RICHARD      )
TRINIDAD; JEANNETE TRINIDAD;        )
DERRICK GARRISON: DEVONNA           )
PETERSON; EDWIN FERNANDEZ;          )
GIESELA TANNER; KEITH HUNT;         )
JONATHAN STRETZ; SHANNON ROGERS;    )
TERESA HOLLINS; MANUEL RODRIGUEZ;   )
LEON BROWN; JOHNNY CLEMONS; LEA     )
ROCKFORD; DAVID JOHNSTON; ANGELA    )
RAMIREZ; ERNEST PEREZ; VERONICA     )
VEGA; DAVID MICHELS; CANDY          )
TAYLOR GARCIA; DEBORAH ELLIS;       )
NICHOLAS HOLLEY; EVELYN MARIANO;    )
DEAN WITTINGTON; DUSTIN KORDECKI;   )
TERRI KORDECKI; RITA SMITH;         )
SHERRY SAINZ; KENNETH HOYT;         )
ANTONIO JOSEPH; GABRIEL MATA;       )
ANGELA OCHOA; KAYLEE SAN MIGUEL;    )
CATHERINE WASHICHEK; TIMOTHY        )
MATTIO; SHARYN MATTIO; JEFF         )
GANJAI; MICHAEL GANJAI; REBECCA     )
ARBALLO; SANDRA ESCHBACH;           )
MATTHEW GARRIEL; JENNIFER           )
                                    )
                                    )
                                    )
```

MALDANADO; and all others                )
similarly situated,                       )
                                          )
                          Plaintiffs,     )
                                          )
                                          )
vs.                                       )
                                          )
                                          )
CITY OF ANAHEIM, a municipal              )
corporation; DOES 1-10                    )
INCLUSIVE,                                )
                                          )
                          Defendants.     )
_____  )

　　　　Plaintiffs BEN KARMELICH dba THE LINCOLN INN ("Karmelich", "Lincoln Inn", or "Plaintiff") and KELENI LAVANO; ROBERT RODRIGUEZ; THOMAS MURRAY; CAROLYN KELLY; LOIS RUNYON; BERNARD ROSS; VERONIQUE BARBIE; ANN BARBIE; MARLON MELLO; BEATRICE MELLO; TERESA LOWE; ROBERT SPIRKO; VENITA SPIRKO; JIM HAMRIC; JAMES KELLY; LINDA KELLY; LINDA FRENCHVAN; LESLIE FISHER; FRANK RAMIREZ; DENISE CARRINGTON; KENNETH TEMPLE; JENNIFER TEMPLE; SCOTT ALBERTSON; CARRIE SACHSE; PAUL TOWNSEND; DARYL JEFFERSON; MARVIN JEFFERSON; ANTHONY ESPINOZA; VENISE SANDOVAL; DAVID HALBERT; LESLIE BEYER; JOHN ORTIZ; STEPHANIE HELTMARTINEZ; BRYCE KOOPMAN JR.; JANET HAWKSLEY; RUBEN RODRIGUEZ; JENELL RODRIGUEZ; JACQUELINE ANAYA; ROBERT ARMSTRONG; JODI ARMSTRONG; MICHAEL BOONE; TAMI BOONE; HORACIO SANCHEZ; BLANCA MENDEZ; SHERRI NORALS; JUDY MARTINEZ; JOHN MARTINEZ; LAWRENCE DAVIS; IRIS WALKER; ROSIE GARCIA; JOSE GARCIA; ROBERT WATKINS; TAMMY THOMPSON; MARK SHIRLEY; BARBARA ELDRIGE; LUIS MARTINEZ-MUNOZ; EARL BOODIE; JERRIE

HORNE; JAMES ANKTON; NILA JONES; ANTONIO SAUCEDA; ERNESTO SORIANO JR.; DIVINA SORIANO; DEBRA JACKSON; DWIGHT GEORGE; CATHY EDMONSON; JOSE CARDENA; ROBERT TAYLOR; MARIA DUARTE; JOHN VANMETER; REBECA CARDONA; ERIC SWENINGSEN; MICHAEL GALLAGHER; LARRY FIERRO; BARBARA ELDRIGE; DANIELLE ELDRIGE; THEODORE KEYSER; SALVADOR ALCOSET; CORTNEY MORRIS; SOLOME FUKOFUKA; ILENE BAKER; RHONDA COMER; JAMES HOKE; JACK SURRETE; CHRISTINE DOUGHERTY; ELMORE MCBRIDE JR.; RICHARD WILLIAMSON; EUNICE WILLIAMSON; LEOVARDO DOMINGUEZ; ANNE DOWNEN; MAT DOUGLAS; CYNTHIA RODRIGUEZ; RICHARD WILLIAMSON; EUNICE WILLIAMON; JAMES BOYD; CHRISTINE RODRIGUEZ; GINO PANZA; GINA MEDEIROS; KENNETH COMER; KARRIE ONEAL; PHILIP STEVENSEN; LYNDON SCOTT; CHRISTINA WATLACK; ADELA DE PINA; JAMES DUFF; DIANE DUFF; JOHN COLEMAN; GINA RAMIREZ; DAVID THOMAS; TRACY THOMAS; KELVIN TILSON; PHILEMON KWEMBE; HAMISI MWINYL; BRADLEY MOOSCHEKIAN; MELANIE ROBINSON; ROBERT CHASE; BRIAN HENDERLY; CLIFFORD ANDERSON; BILLY SMITH; RICHARD TRINIDAD; JEANNETE TRINIDAD; DERRICK GARRISON: DEVONNA PETERSON; EDWIN FERNANDEZ; GIESELA TANNER; KEITH HUNT; JONATHAN STRETZ; SHANNON ROGERS; TERESA HOLLINS; MANUEL RODRIGUEZ; LEON BROWN; JOHNNY CLEMONS; LEA ROCKFORD; DAVID JOHNSTON; ANGELA RAMIREZ; ERNEST PEREZ; VERONICA VEGA; DAVID MICHELS; CANDY TAYLOR GARCIA; DEBORAH ELLIS; NICHOLAS HOLLEY; EVELYN MARIANO; DEAN WITTINGTON; DUSTIN KORDECKI; TERRI KORDECKI; RITA SMITH; SHERRY SAINZ; KENNETH HOYT; ANTONIO JOSEPH; GABRIEL MATA; ANGELA OCHOA; KAYLEE SAN MIGUEL; CATHERINE WASHICHEK; TIMOTHY MATTIO; SHARYN MATTIO; JEFF GANJAI; MICHAEL GANJAI;

REBECCA ARBALLO; SANDRA ESCHBACH; MATTHEW GARRIEL; JENNIFER MALDANADO; and all others similarly situated state (collectively "Plaintiff Tenants") state and allege against Defendants as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3).  This action, which arises under the laws and Constitution of the United States, specifically, the First, Fifth and Fourteenth Amendments, which involve violations of federal law pursuant to 42 U.S.C. Section 1983, 42 U.S.C. 3604(b) and directly under the Constitution.  State supplemental jurisdiction exists pursuant to 28 U.S.C. Section 1367.

2.     Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendants CITY OF ANAHEIM is a public entity in this District, and the claims arose in this District.

## PARTIES

3.     Plaintiff Karmelich was at all times material herein owner and operator of a motel commonly known as the Lincoln Inn located at 2748 West Lincoln Blvd., Anaheim, California. The Plaintiff Tenants were at all times material herein residing at the Lincoln Inn.

4.     Defendant CITY OF ANAHEIM ("City") is a municipal corporation organized and existing under the Constitution and laws of the State of California.

5.     The true names and capacities, whether

individual, corporate, associate or otherwise, herein named as DOES 1 through 10 and persons heretofore unknown involved in the actions taken against Plaintiff Karmelich and the Plaintiff Tennts are unknown to them at this time, but are hereby sued in their individual and official capacities. Plaintiffs are informed and believe and based thereon alleges that each of the DOE defendants is responsible in some manner for the occurrences herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint as and when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant," "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

<u>FACTS COMMON TO ALL CLAIMS</u>

6.    The Lincoln Inn is a 117 unit three-story motel that has been operating under Conditional Use Permit No. 1043 ("CUP").

7.    The CUP was originally approved by the Anaheim City Council on September 3, 1968, by Anaheim City Council Resolution No. 68R-540.

8.    As adopted on September 3, 1968, the CUP permitted a 129 unit three-story motel to be built at the site. The property was developed as a a 117 unit three-story motel rather than its fully permitted 129 units.

6

9.     In the late 1990's, Plaintiff Karmelich acquired possession and ownership of the Lincoln Inn because of a default and foreclosure as a second trust deed holder on the property.

10.     The Lincoln Inn was in substandard condition at the time that Plaintiff Karmelich acquired it and he immediately began a systematic program to invest substantial sums of money to refurbish and upgrade the property to meet Anaheim code requirements and for the benefit of the tenants.

11.     The previous operator of the Lincoln Inn went out of business as did several motels on Beach Blvd. and at other locations. This occurred mainly because the tourist industry had changed over the years and tourists were booking their transportation and lodging through travel agencies who referred the tourists to national chains of hotels and motels. Local small motels found themselves virtually without customers.

12.     In the mid 1990s, a group called the West Anaheim Better Business and Concerned Citizens was formed which later became known as West Anaheim Neighborhood Development ("WAND"). All monthly meetings of both West Anaheim Better Business and Concerned Citizens and WAND were attended by representatives of the defendants City and Police Department who directed the debate.

13.     The defendant City together with WAND and others formulated a redevelopment plan for Beach Blvd and at the area where the Lincoln Inn is located. The plan called

for the destruction of all motels on Beach Blvd. and the private development of single family residences, one or two story office buildings or small commercial projects.

14.    Pursuant to this plan the defendant City placed restrictions on motels in the redevelopment area which were not placed on motels outside of the redevelopment zone.

15.    However, beginning in 1999, and continuing until the present, while Plaintiff Karmelich has owned and operated the Lincoln, defendants began a systematic policy, custom, and practice to impose new and unreasonable conditions on the CUP in order to drive down the value of the property for eventual transfer to a private developer, and drive out tenants who reside at the motel on a long term permanent residency basis who are mostly poor and a substantial amount who are of minority origin and cannot afford to live and pay rent for an apartment.

16.    One example of discrimination is Ordinance No. 18.01.140 "M" governing hotels and motels and which allows motels citywide to rent rooms for as many consecutive seven day periods as they wish thus allowing guests to stay years. On the other hand, a restriction was placed on the Lincoln Inn CUP on November 22, 1999 which required guests to vacate their room after thirty days and not return to the motel for sixty days which devalues the property.

17.    Fair market value of the motels on Beach Blvd. and Lincoln Blvd. where the Lincoln Inn is located would make land cost prohibitive and thus it would be necessary to acquire the properties after their value has been reduced.

Plaintiff Karmelich's property is particularly attractive because it is one of the largest motels in the area in terms of rooms and land size.

18.   In order to facilitate the goals set forth in the redevelopment plan the systematic course of conduct which is set forth in this complaint was commenced by defendants, and each of them.

19.   The restriction that was placed on the Lincoln Inn CUP on November 22, 1999 which required guests to vacate their room after thirty days and not return to the motel for sixty days states as follows:

> "That guest rooms shall not be rented,
> let or occupied by any individual for
> more than thirty (30) days within a
> ninety (90) day period, excluding one
> (1) manager's unit, . . . "

20.   After said stay condition was imposed on the Lincoln Inn, Plaintiff Karmelich who actively participates in a hotel/motel owners association on the west end of the City called WAHMOA ("West Anaheim Hotel/Motel Owners Association") began with other association members who have similar stay conditions as stated above, to voice their concerns to the defendants and other City officials that the conditions were unconstitutional, unreasonably burdensome, and unfairly imposed only on such operators on the west end of the City where mostly poor and minority origin people reside at such properties because they cannot afford to live and pay rent for an apartment.

21.    As a result of the increased associational activity mentioned above, defendants began to increase without reasonable cause the policy, custom and practice stated in paragraph 15 above, in order to eventually terminate and extinguish the CUP and close the Lincoln Inn for eventual transfer to a private developer.

22.    In particular, on January 17, 2001, the Anaheim Planning Commission held a public hearing on a Petition for Reinstatement of the CUP which contained an expiration date of January 15, 2001. Following the public hearing, the Planning Commission adopted Resolution No. PC2001-4 denying the Petition. The Planning Commission's actions were unfounded as there was substantial evidence introduced at such time that the Lincoln Inn was not operating as a public nuisance, that the stay conditions were being unconstitutionally applied against Plaintiff Karmelich and the Plaintiff Tenants and that the failure to renew or reasonably extend the CUP would have a disparate impact on the Plaintiff Tenants finding alternative affordable housing, causing a severe displacement and potential homelessness problem for the area.

23.    Many of the Plaintiff Tenants are working class individuals with families and children who attend school in the particular district where the Lincoln Inn is located. They cannot afford a first and last month down payment at an apartment and affordable housing for said individuals is almost nil because of their economic status. The Defendant City has failed to adequately provide an affordable housing

10

alternative for said class of individuals in their General or Specific Plans for the area or the greater citywide area.

24.         On February 4, 2001, Plaintiff Karmelich appealed the Planning Commission decision of January 17, 2001.

25.     On February 27, 2001, the Anaheim City Council unilaterally appointed Victor Kaleta ("Kaleta") to hear the appeal of the Planning Commission's decision as codified by Section 1.12.100.

26.         Kaleta is the hearing officer regularly appointed by the City Council in such type appeals. He is not an employee of the Defendant City and is paid directly by the Defendant City and the policy, custom, or practice is not to provide appellants in such situations with a right of choice as to the hearing officer will be, or to allow the matter to be originally heard by the City Council if the appellant does not approve of said hearing officer.

27.     In this case, Plaintiff Karmelich, through his counsel of record Frank A. Weiser ("Weiser"), objected to the unilateral appointment of Kaleta as the hearing officer, arguing that said unilateral appointment in conjunction with his direct payment for services by the Defendant City would infect the integrity, or the appearance of the integrity, of the hearing process, and under the "totality of circumstances" constitute a violation of Plaintiff Karmelich and all interested parties such as the Plaintiff Tenants' right to a fair and unbiased hearing under the Procedural Due Process Clause of the Fourteenth Amendment of the United

States Constitution.

28.    After noting the objection on the record, Kaleta
refused to recuse himself as the hearing officer and
proceeded with the appeal hearing.

29.    Substantial evidence was introduced at the appeal
hearing by Plaintiff Karmelich and the Plaintiff Tenants
that as stated above (1) the Planning Commission's actions
were unfounded as there was substantial evidence introduced
at such time that the Lincoln Inn was not operating as a
public nuisance, (2) that the stay conditions were being
uncontitutionally applied against Plaintiff Karmelich and the
Plaintiff Tenants and (3) that the failure to renew or
reasonably extend the CUP would have a disparate impact on
the Plaintiff Tenants finding alternative affordable housing
causing a severe displacement and potential homelessness
problem for the area, and (4) the failure to renew or
reasonably extend the permit would raise serious federal
constitutional and statutory issues under the Takings Clause
of the Fifth and Fourteenth Amendments of the United States
Constitution as said decision by the Planning Commission did
not "substantially advance a legitimate governmental
interest", under the Equal Protection Clause of the
Fourteenth Amendment of the United States Constitution, the
Federal Fair Housing Act under 42 U.S.C. Section 3604(b), and
parallel and applicable state laws.

30.    After hearing the evidence and closing the
hearing on July 13, 2001, Kaleta took the matter under
submission allowing both sides to file written briefs in

support of the position.

31.    Plaintiff Karmelich and his counsel Weiser on behalf of Karmelich and the Plaintiff Tenants filed an extensive written brief analyzing the evidence introduced and federal constitutional and statutory problems arising from the Planning Commission's decision.

32.    On August 1, 2001, Kaleta filed a nineteen page document entitled "Findings of Fact and Recommendations of Hearing Officer to Anaheim City Council Relative to Appeal of Planning Comission Decision Denying Reinstatement of Conditional Use Permit No. 1043 under which the Lincoln Inn is permitted to operate as a motel at 2748 West Lincoln Blvd., Anaheim, California."

33.    Kaleta recommended upholding the decision of the Planning Commission denying reinstatement of the CUP but also specifically found that (1) his authority under the Anaheim Municipal Code was limited to analyzing the evidence set forth in the ordinances of the City of Anaheim regulating the modification or termination of conditional use permits, and did not permit him to determine Plaintiff Karmelich and the Plaintiff Tenants' legal constitutional and statutory arguments; and (2) specifically found that:

> "It should be noted that _not_ reinstating Conditional Use Permit No. 1043 eliminates its permit to operate, the effect of which is to shut it down. Shutting down the Lincoln Inn will have a significant adverse impact on the tenants of the Lincoln Inn as this Hearing

Officer believes the testimony of the tenants that this is the housing of the last resort for them. **However, this is is a policy matter to be addressed that is not within the authority of this Hearing Officer.**" (emphasis added)

34.    In mailing the Findings of Fact and Recommendations to Plaintiff Karmelich's counsel Weiser, there was no indication as to when the matter would be specifically considered by the City Council.

35.    Therafter, the matter was placed on the consent calendar for the August 22, 2001 City Council hearing and not agendized as a public hearing matter as it had commenced and as required under federal due process requirements.

36.    Neither Plaintiff Karmelich, the Plaintiff Tenants who were directly interested parties, or Weiser were formally notified in writing or notice reasonanly calculated to do so that the matter was placed on the consent calendar for the August 22, 2001 City Council hearing.

37.    The failure to notify Plaintiff Karmelich, the Plaintiff Tenants who were directly interested parties, or Weiser in writing or notice reasonably calculated to do so, was because of the policy, practice and custom of the Defendant City that all matters placed on the consent calendar for City Council hearing is not treated as a public hearing subject to due process requirements; and in this case also because of the of the policy, practice and custom of the Defendant City to close the motels such as the Lincoln Inn on the west end of the City.

14

38.   The City Clerk confirmed that City policymakers with respect to the Lincoln Inn appeal had instructed her office to place the matter on the consent calendar for the August 22, 2001 City Council hearing instead of agendizing it as a noticed public hearing.

39.   As a result of failing to provide constitutional due process notice, neither Plaintiff Karmelich, the Plaintiff Tenants who were directly interested parties, or Weiser were aware of the August 22, 2001 consent calendar hearing and did not attend to object to the findings and recommendations of Kaleta or to present their legal arguments before the City Council in opposition to adopting said recommendation.

40.   There are five (5) city councilmembers, three (3) who have historically been opposed to members of WAHMOA, such as Plaintiff Karmelich, and in doing so, have been deliberately indifferent and biased to their constitutional rights to a fair hearing process with regard to conditional use permits, and their tenants federal constitutional and statutory rights, thus further infecting the integrity of the hearing process under the Procedural Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and in furtherance of the policy, practice, or custom set forth in paragraph 15 above. Said councilmembers are Mayor Daly, and councilmembers McCracken and Feldhaus.

41.   The other two (2) councilmembers, Tate and Kring have continuously and consistently opposed Mayor Daly, and

15

councilmembers McCracken and Feldhaus as to the matters stated in paragraph 40 above on behalf of the members of WAHMOA and in furtherance of their federal and statutory constitutional rights, and in opposition to the policy, practice, or custom set forth in paragraph 15 above.

42.     At the August 22, 2001 City Council hearing, councilmembers Tate and Kring requested that the Lincoln Inn appeal be pulled off the consent calendar and requested to debate the matter.

43.     When the matter came up for debate the same evening, councilmembers Tate and Kring voiced their strong objections to the evidentiary findings and recommendations of Kaleta and recommended reinstating the CUP. However, said councilmembers were overruled and outvoted on the matter by Mayor Daly, and councilmembers McCracken and Feldhaus.

44.     After said City Council hearing of August 22, 2001, and after Plaintiff Karmelich, and the Plaintiff Tenants became aware of the City Council's actions, said parties, by and through Weiser, filed a timely Petition for Rehearing under the Anaheim Municipal Code, specifically objecting to the City Council's adoption of Kaleta's findings of fact and recommendations with constitutional notice and opportunity to be heard.

45.     In specific, said parties indicated in their request for a rehearing that as a matter of law, no matter what the eventual substantive outcome, under well established due process principles, a failure to provide adequate constitutional notice rendered the City Council's decision

void and acting in excess of their jurisdiction.

46.    The Petition for a Rehearing came up on the City
Council agenda on September 25, 2001. The policy, custom, or
practice of the Defendant City is not allow a full hearing at
such time but to limit arguments why a new hearing should not
be provided and to limit in scope and time legal arguments to
three (3) minutes.

47.    At the September 25, 2001 rehearing request,
Weiser once again raised the procedural due process and
jurisdictional defects in the City Council's action of August
22, 2001 in adopting Kaleta's findings of fact and
recommendations with constitutional notice and opportunity to
be heard.

48.    At such time, Councilmember Tate specifically
found that the there was a failure to provide constitutional
notice and opportunity to be heard to the parties at the
August 22, 2001 heaing and that he agreed that the council's
action were void and constituted a jurisdictional defect
requiring a full rehearing.

49.    Councilmember Kring concurred with Councilmeber
Tate's findings and further stated her position that the
decision as a whole was also unconstitutionally unsound and
would result in a severe impact on the Plaintiff Tenants.

50.    Despite such objections, Mayor Daly, and
councilmembers McCracken and Feldhaus overruled
councilmembers Tate and Kring, ratified their earlier
decision of August 22, 2001, even in light of the clear
evidence and arguments presented that the matter should have

17

not have been placed on the consent calendar and required constitutional due process notice to all interested parties, and voted to deny Plaintiff Karmelich and the Plaintiff Tenants a full rehearing.

51.   In doing so, Mayor Daly, and councilmembers McCracken and Feldhaus not only ratified their unconstitutional actions of August 22, 2001, ratified the structural due process violations in appointing Kaleta unilaterally as the hearing officer, and further acted out of a bias and in further implementation of the unconstitutional, policy, practice and custom as set forth in paragraph 15 above. They also acted out of a bias and animus toward Plaintiff Karmelich as an outspoken member of WAHMOA, and in retaliation for Weiser defending WAHMOA members in recent litigation in federal court regarding their conditional use permits.

52.   Said retaliation is in part evidenced by the immediate receipt after the September 25, 2001 hearing by Weiser of a telefax from the Defendant City implying threats against him for initiating and threatening litigation against the Defendant City, and specifically mentioning Mayor Daly as an adversary on the fax communication.

Based on the above facts, Plaintiffs allege the following claims:

///

<u>FIRST CLAIM FOR RELIEF</u>

(Violation of Civil Rights Under 42 U.S.C.

Section 1983 by All Plaintiffs Against All Defendants)

53. Plaintiff Karmelich and the Plaintiff Tenants reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 52, and all its subparts, inclusive, as set forth hereinabove.

54. Plaintiffs are informed and believe, and based upon such information and belief allege, that in doing all of the things herein mentioned, defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Anaheim for purposes of "state action" under 42 U.S.C. Section 1983.

55. By taking the actions hereinabove alleged in paragraphs above, defendants, and each of them, violated the constitutional and civil rights of plaintiffs, and in particular their right under the First Amendment, and in particular the Petition for Grievances Clause of that Amendment, as incorporated by the Fourteenth Amendment of the United States Constitution and the Procedural Due Process Clause of the the Fourteenth Amendment of the United States Constitution to a fair and unbiased hearing on their request for a reinstatement of the CUP and also in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

55. By taking the actions hereinabove alleged defendants also violated the constitutional and civil rights

19

of plaintiffs, in particular their rights under the Fourth
Amendment and also under the Fifth Amendment, in particular
that the exercise of the governmental police power be for a
"public use", as incorporated by the Fourteenth Amendment of
the United States Constitution, but rather was exercised in a
manner to drive Plaintiff Karmelich out of business in order
to transfer the property to a private developer at a reduced
price, these actions constituting a "private taking" under
said amendment which further results in the unconstitutional
taking of not only his interest in the motel but the
Plaintiff Tenants leasehold interests. Said actions by the
Defendant City also constitutes a "facial taking" as the
closure of the motel and taking of leasehold interests of
the econonimcally poor without alternative housing does not
"substantially advance a legitimate governmental interest".

56.    Defendants in engaging in the above-described
conduct, in violating plaintiffs' constitutional and civil
rights as described above, acted according to official
policy, custom and practice of the Defendant City.

57.    As a proximate result of the foregoing acts of
defendants, and each of them, plaintiffs have suffered and
continue to suffer extreme hardship and damages, which
damages include, but is not limited to, severe emotional
distress and financial and business damages to the motel and
property.    Plaintiffs are informed and believe, and based
upon such information and belief alleges, that the damages
they have collectively suffered and continue to incur is
according to proof at trial but in a sum in excess of

$1,000,000.00 and that they are also entitled to appropriate injunctive relief to prevent the Defendant City, or city officials, from closing the operation of the Lincoln Inn, and from evicting the Plaintiff Tenants as threatened by the Defendant City, to enjoin enforcement of the August 22, 2001, and September 25, 2001 City Council actions denying the request for a rehearing and reinstatement of the CUP. Plaintiff Karmelich and the Plaintiff Tenants also request class certification for declaratory and injunctive relief only under <u>Federal Rule of Civil Procedure</u> 23, for all others similarly situated at the Lincoln Inn who are affected by the defendants actions. Plaintiff Karmelich and the Plaintiff Tenants are also entitled to reasonable attorneys fees under 42 U.S.C. section 1988.

<u>SECOND CLAIM FOR RELIEF</u>

(Violation of The Federal Fair Housing Act

Under 42 U.S.C. Section 3604(b) by

All Plaintiffs Against All Defendants)

58. Plaintiff Karmelich and the Plaintiff Tenants reallege and incorporate herein by reference each and every allegation contained in Paragraphs 1-54, and all its subparts, inclusive, as set forth hereinabove.

59. Plaintiffs are further informed and believe, and based upon such information and belief alleges, that the actions of the defendants, and each of them, has had the effect of discriminating against intended and actual tenants and occupants of the Lincoln Inn based on their economic status and also has the effect of discriminating as to their

21

status based on race, color and/or national origin.

60.    As a proximate result of the foregoing acts of defendants, and each of them, plaintiffs have suffered and continue to suffer hardship and damages, which damages include, but is not limited to, economic damages and non-economic damages such as emotional distress.    Plaintiffs are informed and believe, and based upon such information and belief alleges, that the damages they have suffered and continue to incur will be according to proof at trial but in a sum in excess of $1,000,000.00 and that they are also entitled to appropriate declaratory and injunctive relief.

61.    As a result of defendants' above alleged conduct, plaintiffs have been compelled to retain legal counsel to prosecute this action and have incurred and will continue to incur attorney's fees and costs. Plaintiffs are entitled to recover reasonable attorney's fees from defendants under the Federal Fair Housing Act.

### THIRD CLAIM FOR RELIEF

(Petition for Writ of Mandate by

All Plaintiffs against Defendant City)

62.    Plaintiff reallege and incorporate herein by reference to each and every allegation contained in Paragraphs 1-61, and all its subparts, inclusive, as set forth hereinabove.

63.    Petitioners' equitable state remedy in seeking review of the City's decision in adopting the decision to deny reinstatement of the CUP is to seek mandamus review by way of this petition under California Code of Civil Procedure

Section 1094.5.

64.    The City violated its duties under both state law and federal law, and specifically although not limited to, violated by adopting said conditions, the First Amendment and the procedural component of the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and parallel provisions of the California Constitution, the Takings Clause of the Fifth Amendment of the United States Constitution and parallel provisions of the California Constitution; abused its discretion by failing to proceed in a manner required by law, and further in adopting said findings of Kalreta without support of competent admissible evidence, the majority decision of the City Council of August 22, 2001 and September 25, 2001 must be set aside. Furthermore, the Respondent's actions conflicts with the City's General Plan dealing with the Housing Element, which policy is to ensure the provision and availability of all housing needs for persons of all socio-economic segments of the community and in so doing also violates Califonia Government Code Section 65008, and is preempted under state law by way of California Civil Code Sections 1940 and 1940.1 dealing with the occupancy at a hotel and motel beyond thirty (30) days.

FOURTH CLAIM FOR RELIEF

(Inverse Condemnation

by Plaintiff Karmelich against Defendant City)

65.    Plaintiff Karmelich realleges and incorporates herein by reference to each and every allegation contained in

Paragraphs 1-64, and Paragraphs all its subparts, inclusive, as set forth hereinabove.

66.    In the alternative to Plaintiff Karmelich's "takings" claim under the Fifth and Fourteenth Amendments of the United States Constitution, under Article I, Section 19 of the California Constitution, plaintiff alleges that as a direct and inevitable result of the actions by the defendant City described above, said plaintiff's property and motel business has been damaged.

67.    In taking the actions described hereinabove, there has been a "taking" of plaintiff's property and motel business and an entitlement protected under state law under Article I, Section 19 of the California Constitution.

68.    Plaintiff has received no compensation for the "taking" of their property or motel business, and entitlement protected under state law.

69.    As a result of the wrongful actions of the defendant, plaintiffs have suffered and continue to suffer extreme hardship and damages, which damages include, but are not limited to, loss of income on their motel business, in economic loss in the value of and his investment in the property, loan fees, lost profits and opportunity, and loss of financing. The damages plaintiff has suffered and continues to incur is according to proof at trial.

70. Plaintiff has incurred and will incur attorney's fees because of this proceeding which is recoverable under the provisions of Section 1036 of the California Code of Civil Procedure.

WHEREFORE, Plaintiffs and Petitioners pray judgment against Defendants and Respondent, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. For damages according to proof at trial;

2. For declaratory and injuntive relief;

3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

### SECOND CLAIM FOR RELIEF

4. For damages according to proof at trial;

5. For declaratory and injuntive relief;

6. For attorney's fees pursuant to 42 U.S.C. 3604(b) and the Federal Fair Housing Act;

### THIRD CLAIM FOR RELIEF

7. For a writ of mandate vacating the City's adoption of the Planning Commission's decision to deny reinstatement of Conditional Use Permit 1043, the Hearing Appeal Officer's Findings of Fact and Recommendations to the same effect; and the City Council majority decisions of August 22, 2001 and September 25, 2001;

### FOURTH CLAIM FOR RELIEF

8. For damages according to proof at trial;

9. For attorney's fees pursuant to California Code of Civil Procedure Section 1036;

///

**FOR ALL CLAIMS FOR RELIEF**

10.    For costs of suit; and

11.    For such other and further relief as the Court

deems just and proper.

DATED: October 8, 2001            LAW OFFICES OF FRANK A.
                                 WEISER


By: _____
    FRANK A. WEISER, Attorney for
    Plaintiff BEN KARMELICH
    dba THE LINCOLN INN, All Other
    Named Individual Plaintiffs
    and all others similarly
    situated


**DEMAND FOR JURY TRIAL**

All the named Plaintiffs hereby demand a jury trial

pursuant to F.R.C.P. 38.

DATED: October 8, 2001            LAW OFFICES OF FRANK A.
                                 WEISER


By: _____
    FRANK A. WEISER, Attorney for
    Plaintiff BEN KARMELICH
    dba THE LINCOLN INN, All Other
    Named Individual Plaintiffs
    and all others similarly
    situated

## CIVIL COVER SHEET

**I.(a) PLAINTIFFS**  BEN KARMELICH dba THE LINCOLN INN, et al.

**DEFENDANTS**  CITY OF ANAHEIM, a municipal corporation, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Orange
( EXCEPT IN U.S. PLAINTIFF CASES )

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Orange
(IN U.S. PLAINTIFF CASES ONLY)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)

Frank A. Weiser (#89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 903
L.A., CA 90010 - (213)384-6964

ATTORNEYS (IF KNOWN)

Unknown

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties In Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ according to proof

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Section 1983 (federal civil rights)

**VII. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| OTHER STATUTES | CONTRACT | TORTS — PERSONAL INJURY | TORTS — PERSONAL INJURY | FORFEITURE / PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 630 Liquor Laws | ☐ 820 Copyrights |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 640 R.R. & Truck | ☐ 830 Patent |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 650 Airline Regs | ☐ 840 Trademark |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 861 HIA (1395ff) |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury |  | **LABOR** | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract |  |  | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 895 Freedom of Information Act | ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other |  |  |
| ☐ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights |  |  |
|  | ☐ 290 All Other Real Property |  | ☐ 555 Prison Condition |  |  |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed?   X  No _____ Yes

If yes, list case number(s): 

SACV 01-929  DOC  MLGx

CV-71 (8/99)          CIVIL COVER SHEET - Continued on Reverse          Page 1 of 2

FOR OFFICE USE ONLY: ☐ Pro Hac Vice fee: ☐ paid ☐ not paid
Applying IFP _____ Judge _____ Mag. Judge _____

CIVIL COVER SHEET
(Reverse Side)

FTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.

II(b). RELATED CASES: Have any cases been previously filed that are related to the present case? _____ No _____X Yes

yes, list case number(s):    SACV 01-211 DOC (ANx); SACV 01-422 DOC (EEx)

VIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:

CHECK ALL BOXES          ☒ A. Appear to arise from the same or substantially identical transactions, happenings, or events;

HAT APPLY)               ☒ B. Involve the same or substantially the same parties or property;

                         ☐ C. Involve the same patent, trademark or copyright;

                         ☒ D. Call for determination of the same or substantially identical questions of law, or

                         ☒ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

X. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
] CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED PLAINTIFF.

        Orange County

ist the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
] CHECK HERE IF THE US GOVERNMENT, ITS AGENCIES OR EMPLOYEES IS A NAMED DEFENDANT.

        Orange County

ist the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
NOTE: In land condemnation cases, use the location of the tract of land involved.

        Orange County

X. SIGNATURE OF ATTORNEY (OR PRO PER): X _Frank A. Weser_          Date 10/8/01

NOTICE TO COUNSEL/PARTIES: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3.3 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| NATURE OF SUIT CODE | ABBREVIATION | SUBSTANTIVE STATEMENT OF CAUSE OF ACTION |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE

Pursuant to the Local Rules Governing Duties of Magistrate Judges, the following Magistrate Judge has been designated to hear discovery motions for this case at the discretion of the assigned District Judge:

☐ Robert N. Block (RNBx)

☐ Rosalyn M. Chapman (RCx)

☐ Charles F. Eick (Ex)

☐ Marc L. Goldman (MLGx)

☐ Stephen J. Hillman (SHx)

☐ Ann I. Jones (AIJx)

☐ Jeffrey W. Johnson (JWJx)

☐ Victor B. Kenton (VBKx)

☐ Stephen G. Larson (SGLx)

☐ Jennifer T. Lum (JTLx)

☐ James W. McMahon (Mcx)

☐ Margaret A. Nagle (MANx)

☐ Arthur Nakazato (ANx)

☐ Fernando M. Olguin (FMOx)

☐ Brian Q. Robbins (BQRx)

☐ Carolyn Turchin (CTx)

☐ Patrick J. Walsh (PJWx)

☐ Andrew J. Wistrich (AJWx)

☐ Carla M. Woehrle (CWx)

☐ Ralph Zarefsky (RZx)

Upon the filing of a discovery motion, the motion will be presented to the United States District Judge for consideration and may thereafter be referred to the Magistrate Judge for hearing and determination.

The Magistrate Judge's initials should be used on all documents filed with the Court so that the case number reads as follows:

CV-_____ SACV 01-929  DOC  MLGx _____

## NOTICE TO COUNSEL

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE COMPLAINT ON ALL DEFENDANTS.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BEN KARMELICH dba THE LINCOLN INN,

PLAINTIFF(S),

v.

CITY OF ANAHEIM, a muncipal corporation

(see attached pages) DEFENDANT(S).

CASE NUMBER

CV- SACV 01-929 DOC MLGx

SUMMONS

TO:    THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney

FRANK A. WEISER, ESQ., whose address is:

3460 Wilshire Blvd., Ste. 903
Los Angeles, CA 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)

An answer to the ☒ COMPLAINT, ☐ _____ AMENDED COMPLAINT,
(1st, 2nd, etc.)
☐ COUNTERCLAIM, ☐ CROSS-CLAIM   which is herewith served upon you within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK, U. S. DISTRICT COURT

DATE:_____OCT 09 2001_____

By_____A. FEDUNAK_____
Deputy Clerk

(SEAL OF THE COURT)

FRANK A. WEISER (S.B. #89780)
Attorney at Law
3460 Wilshire Blvd., #903
Los Angeles, California 90010
(213) 384-6964 (voice)
(213) 383-7368 (fax)

Attorney for Plaintiff BEN KARMELICH
dba THE LINCOLN INN, All Other
Named Individual Plaintiffs
and all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN KARMELICH dba THE LINCOLN INN; KELENI LAVANO; ROBERT RODRIGUEZ; THOMAS MURRAY; CAROLYN KELLY; LOIS RUNYON; BERNARD ROSS; VERONIQUE BARBIE; ANN BARBIE; MARLON MELLO; BEATRICE MELLO; TERESA LOWE; ROBERT SPIRKO; VENITA SPIRKO; JIM HAMRIC; JAMES KELLY; LINDA KELLY; LINDA FRENCHVAN; LESLIE FISHER; FRANK RAMIREZ; DENISE CARRINGTON; KENNETH TEMPLE; JENNIFER TEMPLE; SCOTT ALBERTSON; CARRIE SACHSE; PAUL TOWNSEND; DARYL JEFFERSON; MARVIN JEFFERSON; ANTHONY ESPINOZA; VENISE SANDOVAL; DAVID HALBERT; LESLIE BEYER; JOHN ORTIZ; STEPHANIE HELTMARTINEZ; BRYCE KOOPMAN JR.; JANET HAWKSLEY; RUBEN RODRIGUEZ; JENELL RODRIGUEZ; JACQUELINE ANAYA; ROBERT ARMSTRONG; JODI ARMSTRONG; MICHAEL BOONE; TAMI BOONE; HORACIO SANCHEZ; BLANCA MENDEZ; SHERRI NORALS; JUDY MARTINEZ; JOHN MARTINEZ; LAWRENCE DAVIS; IRIS WALKER; ROSIE GARCIA; JOSE GARCIA; ROBERT WATKINS; TAMMY THOMPSON; MARK SHIRLEY; BARBARA ELDRIGE; LUIS MARTINEZ-MUNOZ; EARL BOODIE; JERRIE HORNE; JAMES ANKTON; NILA JONES; ANTONIO SAUCEDA; ERNESTO SORIANO JR.; DIVINA SORIANO; DEBRA JACKSON; | Case No. <br><br> COMPLAINT FOR DAMAGES; DECLARATORY AND INJUNCTIVE RELIEF; STATE SUPPLEMENTAL CLAIMS <br> [Violation of Federal Civil Rights] <br><br><br><br><br><br><br><br><br><br><br><br><br> **DEMAND FOR JURY TRIAL** |

```
 1    DWIGHT GEORGE; CATHY EDMONSON;     )
 2    JOSE CARDENA; ROBERT TAYLOR;       )
      MARIA DUARTE; JOHN VANMETER;       )
 3    REBECA CARDONA; ERIC SWENINGSEN;   )
      MICHAEL GALLAGHER; LARRY FIERRO;   )
 4    BARBARA ELDRIGE; DANIELLE          )
      ELDRIGE; THEODORE KEYSER;          )
 5    SALVADOR ALCOSET; CORTNEY          )
      MORRIS; SOLOME FUKOFUKA; ILENE     )
 6    BAKER; RHONDA COMER; JAMES HOKE;   )
      JACK SURRETE; CHRISTINE            )
 7    DOUGHERTY; ELMORE MCBRIDE JR.;     )
      RICHARD WILLIAMSON; EUNICE         )
 8    WILLIAMSON; LEOVARDO DOMINGUEZ;    )
      ANNE DOWNEN; MAT DOUGLAS;          )
 9    CYNTHIA RODRIGUEZ; RICHARD         )
      WILLIAMSON; EUNICE WILLIAMSON;     )
10    JAMES BOYD; CHRISTINE RODRIGUEZ;   )
      GINO PANZA; GINA MEDIEROS;         )
11    KENNETH COMER; KARRIE ONEAL;       )
      PHILIP STEVENSEN; LYNDON SCOTT;    )
12    CHRISTINA WATLACK; ADELA DE PINA;  )
      JAMES DUFF; DIANE DUFF; JOHN       )
13    COLEMAN; GINA RAMIREZ; DAVID       )
      THOMAS; TRACY THOMAS; KELVIN       )
14    TILSON; PHILEMON KWEMBE; HAMISI    )
      MWINYL; BRADLEY MOOSCHEKIAN;       )
15    MELANIE ROBINSON; ROBERT CHASE;    )
      BRIAN HENDERLY; CLIFFORD           )
16    ANDERSON; BILLY SMITH; RICHARD     )
      TRINIDAD; JEANNETE TRINIDAD;       )
17    DERRICK GARRISON: DEVONNA          )
      PETERSON; EDWIN FERNANDEZ;         )
18    GIESELA TANNER; KEITH HUNT;        )
      JONATHAN STRETZ; SHANNON ROGERS;   )
19    TERESA HOLLINS; MANUEL RODRIGUEZ;  )
      LEON BROWN; JOHNNY CLEMONS; LEA    )
20    ROCKFORD; DAVID JOHNSTON; ANGELA   )
      RAMIREZ; ERNEST PEREZ; VERONICA    )
21    VEGA; DAVID MICHELS; CANDY         )
      TAYLOR GARCIA; DEBORAH ELLIS;      )
22    NICHOLAS HOLLEY; EVELYN MARIANO;   )
      DEAN WITTINGTON; DUSTIN KORDECKI;  )
23    TERRI KORDECKI; RITA SMITH;        )
      SHERRY SAINZ; KENNETH HOYT;        )
24    ANTONIO JOSEPH; GABRIEL MATA;      )
      ANGELA OCHOA; KAYLEE SAN MIGUEL;   )
25    CATHERINE WASHICHEK; TIMOTHY       )
      MATTIO; SHARYN MATTIO; JEFF        )
26    GANJAI; MICHAEL GANJAI; REBECCA    )
      ARBALLO; SANDRA ESCHBACH;          )
27    MATTHEW GARRIEL; JENNIFER          )
                                         )
28                                       )
                                         )
```

MALDANADO; and all others                )
similarly situated,                      )
                                          )
                                          )
                        Plaintiffs,       )
                                          )
                                          )
                                          )
vs.                                       )
                                          )
                                          )
                                          )
CITY OF ANAHEIM, a municipal              )
corporation; DOES 1-10                    )
INCLUSIVE,                                )
                                          )
                                          )
                        Defendants.       )
_____)

          Plaintiffs  BEN  KARMELICH  dba  THE  LINCOLN  INN

("Karmelich",  "Lincoln  Inn",  or  "Plaintiff")  and  KELENI

LAVANO; ROBERT RODRIGUEZ; THOMAS MURRAY; CAROLYN KELLY; LOIS

RUNYON; BERNARD ROSS; VERONIQUE BARBIE; ANN BARBIE; MARLON

MELLO; BEATRICE MELLO; TERESA LOWE; ROBERT SPIRKO; VENITA

SPIRKO;   JIM  HAMRIC;  JAMES  KELLY;  LINDA  KELLY;  LINDA

FRENCHVAN; LESLIE FISHER; FRANK RAMIREZ; DENISE CARRINGTON;

KENNETH TEMPLE; JENNIFER TEMPLE; SCOTT ALBERTSON;

CARRIE SACHSE; PAUL TOWNSEND; DARYL JEFFERSON; MARVIN

JEFFERSON; ANTHONY ESPINOZA; VENISE SANDOVAL; DAVID HALBERT;

LESLIE BEYER; JOHN ORTIZ; STEPHANIE HELTMARTINEZ; BRYCE

KOOPMAN JR.; JANET HAWKSLEY; RUBEN RODRIGUEZ; JENELL

RODRIGUEZ;  JACQUELINE  ANAYA;  ROBERT  ARMSTRONG;  JODI

ARMSTRONG;  MICHAEL  BOONE;  TAMI  BOONE;  HORACIO  SANCHEZ;

BLANCA MENDEZ; SHERRI NORALS; JUDY MARTINEZ; JOHN MARTINEZ;

LAWRENCE DAVIS; IRIS WALKER; ROSIE GARCIA; JOSE

GARCIA;  ROBERT  WATKINS;  TAMMY  THOMPSON;  MARK  SHIRLEY;

BARBARA  ELDRIGE;  LUIS  MARTINEZ-MUNOZ;  EARL  BOODIE;  JERRIE

3